UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DISTRICT COUNCIL NO. 9,
INTERNATIONAL UNION OF ALLIED
PAINTERS AND ALLIED TRADES, AFL-CIO,    22-cv-10519 (JGK)

                Petitioner,    MEMORANDUM OPINION AND
                                   ORDER

      - against -

IMPACT STOREFRONT DESIGNS,

                Respondent.

---

JOHN G. KOELTL, District Judge:

The District Council No. 9 International Union of Painters and Allied Trades, ALF-CIO ("Union") has filed a petition to confirm an arbitration award (the "Petition" or "Pet.," ECF No. 1) that was issued pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 185 et seq. The arbitration award was issued by arbitrators Jed Coldon and John Drew on July 25, 2022 and was rendered pursuant to a collective bargaining agreement involving the Union and the Respondent, Impact Storefront Designs ("Impact"). The Respondent has not opposed the Petition. For the reasons explained below, the Petition to confirm the arbitration award is **granted.**

I.

The following uncontested facts are taken from the Petition and documents submitted in support of the Petition.

The Union is a labor organization within the meaning of Section 301 of the LMRA. 29 U.S.C. § 185; Pet. ¶ 2. The Union is a labor union that represents employees in an industry affecting commerce within the meaning of Section 501 of the LMRA, Section 3(4) of ERISA, and Section 12 of the General Associations Law of the State of New York. 29 U.S.C. §§ 142, 1002(4); N.Y. Gen. Ass'ns Law § 12; Pet. ¶ 2. The Respondent is a domestic business corporation incorporated under the laws of New York and was, at all relevant times, an employer in an industry affecting commerce within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185. Pet. ¶ 3.

The Respondent was, at all relevant times, a party to a Memorandum of Agreement ("MOA"), which adopted and incorporated the Union's collective bargaining agreement ("CBA"). Pet. ¶ 4; ECF No. 3-2 ("MOA"); ECF No. 3-3 ("CBA"). The MOA required employers to register all overtime work with the Union before beginning overtime work. MOA at Art. 3, § 13(c); id. at Art. 18, § 11. The MOA also specified that the total weight of glass handled is not to exceed 80 pounds per worker, meaning one worker is needed per 80 pounds of weight. Id. at Art. 13, § 4.

A dispute arose between the parties when the Respondent failed to register overtime work performed by two Union members on April 23, 2022, in violation of Article 18, Section 11 of the MOA. See ECF No. 3-1 ("Arbitration Decision"), at 2. The two

2

Union members also handled glass weighing in total 658.91 pounds, which, under Article 13, Section 4 of the MOA, would require eight glaziers. Id. at 2. The respondent represented that a glass manipulator, Ergo Robotics Solutions, was on site which reduced the need for glaziers on the jobsite from eight to four. Id. The respondent did not dispute that only two glaziers were on site at the time of the incident. Id.

The Petitioners then filed a Demand for Arbitration with the Joint Trade Committee pursuant to the Article XIII of the CBA. Pet. ¶ 7. After a hearing, in an opinion dated July 27, 2022, the arbitrators determined that the Respondent owed $2,600.70 (the "Award"), consisting of $1,123.08 in overtime benefits, $977.62 in wages, and a $500 fine. Arbitration Decision at 2. As of the date of the Petition, the Respondent had failed to pay any portion of the Award. Pet. ¶ 13.

## II.

Section 301 of the LMRA grants federal courts jurisdiction over petitions brought to confirm labor arbitration awards. Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 88 (2d Cir. 1998). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." United Paperworkers Int'l

3

Union v. Misco, Inc., 484 U.S. 29, 36 (1987); see also Nat'l
Football League Mgmt. Council v. Nat'l Football League Players
Ass'n, 820 F.3d 527, 536 (2d Cir. 2016).[1] Instead, "[a]s long as
the arbitrator is even arguably construing or applying the
contract and acting within the scope of his authority, that a
court is convinced he committed serious error does not suffice
to overturn his decision." Int'l Brotherhood of Elec. Workers,
Local 97 v. Niagara Mohawk Power Corp., 143 F.3d 704, 713 (2d
Cir. 1998) (quoting Misco, 484 U.S. at 38); see also Nat'l
Football League Mgmt. Council, 820 F.3d at 536. Accordingly, an
arbitration award is to be confirmed if there is even a "barely
colorable justification" for the decision. U.S. Steel & Carnegie
Pension Fund v. Dickinson, 753 F.2d 250, 252 (2d Cir. 1985).

The Respondent has failed to respond to the Petition, and
it is unopposed. However, the Court must do more than simply
issue a default judgment in favor of the Petitioners. The Court
of Appeals for the Second Circuit has explained that a default
judgment is generally inappropriate in a proceeding to confirm
or vacate an arbitration award because "[a] motion to confirm or
vacate an [arbitration] award is generally accompanied by a
record . . . [and] the petition and accompanying record should
[be] treated as akin to a motion for summary judgment based on

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all
alterations, citations, footnotes, and internal quotation marks in quoted
text.

4

the movant's submissions." D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Darnell v. Pineiro, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also N.Y.C. Dist. Council of Carpenters v. Reilly Partitions, Inc., No. 18-cv-1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

## III.

In this case, the arbitrator's award was not the arbitrator's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). The arbitrators deliberated and found that the Respondent failed to register overtime work before performing such work and did not properly staff a job. Arbitration Decision at 2. The arbitrators determined that the

Respondent is liable for a total of $2,600.70, consisting of $1,123.08 in overtime benefits, $977.62 in wages, and a $500 fine. Id. Based on the limited review that is appropriate of an unopposed petition to confirm an arbitration award, there is no genuine dispute of material fact and the arbitrator's award should be confirmed.

### IV.

The Petitioners also seek judgment to recover (i) attorney's fees totaling $3,600 and court costs totaling $622, arising out of this petition, and (ii) post-judgment interest at the statutory rate. Kugielska Aff., ECF No. 13, ¶¶ 4-5.

Courts in this district "have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund v. All. Workroom Corp., No. 13-cv-5096, 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013).

The attorney's fees sought in this case are thoroughly reasonable. In support of the Petitioner's claim for attorney's fees, the Petitioner's counsel submitted a description of the tasks completed, the hourly billing rates, and the total hours billed. Kugielska Aff. ¶¶ 5-7. The Petitioner seeks $3,600 in attorney's fees for 12 hours of work, for which the Petitioner's counsel billed the services of an associate attorney at a rate

6

of $300 per hour. Id. ¶ 5. The rates billed and time expended on this action by the Petitioner's counsel are reasonable. See Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Pal AMG Inc., No. 22-cv-06105, 2023 WL 2786821, at *5 (S.D.N.Y. April 5, 2023) (approving attorney's fees that billed an associate attorney at a rate of $300 per hour); Drywall Tapers and Pointers Loc. Union 1974 v. Drywall & Acoustics of N.E., Inc., No. 18-cv-11986, 2019 WL 6883897, at *3 (S.D.N.Y. 2019) (approving attorney's fees that billed associates at a rate of $300 per hour). Because the rates billed and time expended on this action by the Petitioner's counsel are reasonable, the Court grants the Petitioner's request for $3,600 in attorney's fees.

Court costs for service fees are routinely permitted. See N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Construction Grp., Inc., No. 16-cv-1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (collecting cases). The Court grants the total requested court costs of $622.

The Petitioner is also entitled to post-judgment interest on the full amount of the judgment at the rate provided under 28 U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a))).

## CONCLUSION

The petition to enforce the arbitration award dated July 25, 2022 is **granted**. The Clerk is directed to enter judgment as follows:

1) In the amount of $2,600.70, consisting of $1,123.08 in overtime benefits, $977.62 in wages, and a $500 fine;

2) Attorney's fees in the amount of $3,600;

3) Court costs in the amount of $622; and

4) Post-judgment interest at the statutory rate.

The Clerk is further directed to close this case and to close all pending motions.

**SO ORDERED.**

Dated:      New York, New York
            June 5, 2023

                                    John G. Koeltl
                              **United States District Judge**